# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS DANIEL, | ) | FILED: OCTOBER 7, 2008 |
| | ) | 08CV5729 |
| Plaintiff, | ) No. | JUDGE NORGLE |
| | ) | MAGISTRATE JUDGE COX |
| vs. | ) Judge | TG |
| | ) Magistrate Judge | |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| STEVEN HEFEL, Star 13074, | ) | |
| MICHAEL SUING, Star 17006, | ) | |
| PAUL YOUNG, Star 16017, | ) Jury Demand | |
| WIOLETTA MUZUPAPPA, Star 14845, and | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant-Officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

8. JOHN DOE is a Chicago Police Officer whose identity is currently unknown.

## Facts

9. On or about June 1, 2008, Plaintiff was driving his car near Adams and Pulaski in Chicago.

10. Plaintiff accidently didn't stop for a stop sign.

11. Defendant-Officers HEFEL and SUING observed Plaintiff run the stop sign.

12. Defendant-Officers HEFEL and SUING followed Plaintiff's car.

13. Plaintiff parked his car, got out, and walked away.

14. HEFEL and SUING exited their police car.

15. HEFEL and SUING told Plaintiff to come to them.

16. Plaintiff kept walking.

17. One of the Defendant-Officer grabbed Plaintiff.

18. The second Defendant-Officer pulled out a baton and swung at Plaintiff.

19. Plaintiff put his arm up and blocked the baton blow. However, Plaintiff's arm was cut open by the blow.

20. HEFEL and SUING then beat Plaintiff.

21. Defendants YOUNG and MUZUPAPPA arrived on the scene.

22. HEFEL and SUING arrested Plaintiff for a DUI.

23. YOUNG and MUZUPAPPA transported Plaintiff to the 11th District police station.

24. At the station, Plaintiff complained about the beating.

25. HEFEL, SUING, YOUNG and MUZUPAPPA, along with JOHN DOE, beat Plaintiff.

26. JOHN DOE was wearing a white shirt.

27. After the beating, the Defendant-Officers put Plaintiff in the back of a squadrol.

28. After a couple of hours of isolation in the squadrol, Plaintiff was finally taken to Loretta Hospital and received treatment for the injuries he sustained from the beatings.

29. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

30. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

31. Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Failure to Intervene)

32. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

33. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

34. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

35. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

36. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

                                                  Respectfully submitted,

                                                  /s/ Lawrence V. Jackowiak
                                                  *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595